```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF SOUTH CAROLINA
```

John Ray Dowdle, *aka* John R. Dowdle,   )   C/A No. 6:10-442-MBS-WMC
                                          )
                    Plaintiff,            )
                                          )
vs.                                       )
                                          )   **REPORT AND**
Ms. Debbie, Kitchen Supervisor; Sgt. Terry Blackwell; )   **RECOMMENDATION**
Cpt. Amanda Luna; PT. Joe Bolin; PT. Billy Hyatt;     )
PT. Melisa Smith; PT. Harold Phillips,    )
                                          )
                    Defendants.           )
_____ )

The plaintiff, John Ray Dowdle ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is incarcerated in the Cherokee County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915.[2] The complaint names detention center employees as defendants.[3] Plaintiff claims the unit in which he is housed in the detention center received chicken patties, rather than chicken, when all other units received chicken. Plaintiff seeks monetary damages, as well as injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] The plaintiff was one of two plaintiffs that signed the complaint. This court issued an order terminating the second plaintiff as a party and directing that a separate case be opened for the second plaintiff. Thus, John Dowdle is the only plaintiff in this case.

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to

2

include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

The complaint in this case is filed pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute at 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint fails to allege that a federal right has been violated. The complaint states that the defendants "denied us the right to be feed the same food as every other pre-trial detainees in CCDC." Compl. at 3. Plaintiff complains that all other units in the detention center received chicken, while the unit in which he is housed, received "chicken

3

pattys." *Id*. Nutritionally inadequate food or inadequate amounts of food can rise to the level of a constitutional violation and thus state a claim for deprivation of a constitutional right under § 1983. *White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993); *Bolding v. Holshouser*, 575 F.2d 461, 465 (4th Cir.) (holding that an allegation that prisoners were "not provided with three wholesome and nutritious meals a day" stated a claim). The complaint does not claim that Plaintiff received constitutionally inadequate food, but only failed to receive the form of food he preferred. Plaintiff does not have a right to specific foods, other than possibly for medical reasons or in the context of religious rights, which he does not claim. The complaint fails to identify a right secured by the Constitution or laws of the United States that is alleged to have been violated. The complaint in this case fails to state a claim on which relief may be granted and should be dismissed.

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the notice on the following page.**

April 2, 2010  
Greenville, South Carolina

s/William M. Catoe  
United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).